

FILED

SEP 2 0 2013

DAVID CREWS CLERK
BY _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROY G. FISHER                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 1:13CV177-M-S

UNITED STATES DEPARTMENT OF AGRICULTURE,
RURAL DEVELOPMENT (USDA), TOM VILSACK,
in his official capacity as Secretary, United States Department
of Agriculture; DOUG O'BRIEN, acting Under Secretary,
Rural Development (USDA); PATRICE KUNESH, Deputy
Under Secretary, Rural Development (USDA); JOHN
PADALINO, Administrator, Rural Utility Service, Rural
Development (USDA); TRINA GEORGE, Mississippi
State Director, Rural Development (USDA); BETTYE
OLIVER, Mississippi Program Director, Rural Utility
Programs, Rural Development (USDA); BARBARA
PROCTOR, acting Director, Mississippi Area 6 Regional
Office, Rural Development (USDA); LOWNDES COUNTY,
MISSISSIPPI; LOWNDES COUNTY INDUSTRIAL
DEVELOPMENT AUTHORITY; COLUMBUS-LOWNDES
DEVELOPMENT LINK n/k/a GOLDEN TRIANGLE
DEVELOPMENT LINK, a Mississippi not for profit
corporation; JOE MAX HIGGINS and any unknowns                                   DEFENDANTS

## COMPLAINT
(Jury Trial Demanded)

Plaintiff Roy G. Fisher brings this action for monetary and injunctive relief and alleges against the

above named Defendants as follows:

## INTRODUCTION

1.      This is an action by Roy G. Fisher ("Fisher"), Plaintiff, against the above named federal

officials and department of the government (sometimes referred to collectively as "the Federal

Defendants" or separately as "the Federal Officials" or "USDA/RD", as more fully shown by the context)

for injunctive relief and against the remaining defendants (collectively referred to as "the State

Defendants" or "the local defendants" and separately as "the County", "the Authority", "the Link" and

"Higgins") for monetary and injunctive relief. Fisher seeks injunctive relief against the Federal Defendants to compel them to comply with the U.S. Constitution and federal laws in the administration of certain loans and/or grants to the State Defendants or withdraw these loans or grants, until the State Defendants comply. Fisher seeks relief against the State Defendants for violation of Fisher's right to be free from unreasonable and warrantless seizure of his property guaranteed to him under the United States Constitution, Amendment IV, and for deprivation of his property without due process of law guaranteed to him under the United States Constitution, Amendment XIV and specific procedural due process rights guaranteed him under 42 U.S.C. § 4655.

## PARTIES

2.      Plaintiff Roy G. Fisher ("Fisher") is an adult resident of Oktibbeha County, Mississippi.

3.      Defendant United States Department of Agriculture, Rural Development ("USDA/RD") is a cabinet level department of the government of the United States of America and Rural Development is a agency thereof.

4.      Tom Vilsack is the Secretary of the USDA and is sued in his official capacity only.

5.      Doug O'Brien is the acting Under Secretary of the USDA for USDA/RD and is sued in his official capacity only.

6.      Patrice Kunesh is the Deputy Under Secretary of the USDA for USDA/RD and is sued in her official capacity only.

7.      John Padalino is the Administrator of the Rural Utility Service ("RUS") division of USDA/RD and is sued in his official capacity only.

8.      Trina George is the Director of USDA/RD for the State of Mississippi and is sued in her official capacity only.

9.      Bettye Oliver is the Director of Rural Utility Programs for the State of Mississippi and is

sued in her official capacity only.

10. Barbara Proctor is the Acting Director of the Mississippi Area 6, Starkville Regional Office, for USDA/RD and is sued in her official capacity only.

11. Lowndes County, Mississippi ("the County") is a political subdivision of the State of Mississippi whose governing body is the Lowndes County Board of Supervisors.

12. Defendant Lowndes County Industrial Development Authority ("the Authority") is an instrumentality of the County or alternatively, is a separate political subdivision of the State of Mississippi composed of its 7 statutory members. The statute under which the Authority is enabled, §57-31-1, *et seq.* of the *Mississippi Code of 1972*, as amended, authorizes the establishment of the authority, upon the Lowndes County Board of Supervisors making a finding and determination that the public convenience and necessity requires such establishment and thereafter reducing the same to a resolution duly adopted and entered on the official minutes of the Board of Supervisors. Members are then appointed by the Board. It is not clear whether or not the County or the Authority, or both, may be the proper Defendants in this action, as the Authority is vested with the power by law to own and acquire real property (but not through power of eminent domain), and the statutes are silent as to any power of the County to disband or abolish the Authority. Accordingly, the Defendants are made parties as their interests may appear.

13. Columbus-Lowndes Development Link, now known as Golden Triangle Development Link, ("the Link"), is a Mississippi not for profit corporation domiciled in Columbus, Mississippi. This entity is sued in its capacity as an agent or putative agent of the Authority and/or the County. The County, as well as the Authority, is authorized and empowered to employ such personnel or entities as are reasonably necessary to carry out its duties. The Authority, at §57-31-5(4) is specifically so authorized, and at all times material hereto, it is alleged that the Link performed management services for the

Authority and is therefore, in such capacity, a private person clothed with authority of state law and acting under color of state law.

14.     Joe Max Higgins is believed to be an adult resident citizen of Lowndes County, Mississippi, and is made a party hereto in his individual capacity as well as his capacity as an employee of the Link and/or as a putative agent of the County and/or the Authority.

15.     Fisher alleges that the State Defendants have acted to deprive him of his proprety by virtue of official policy or custom. In the alternative, individual persons holding offices or being employed as County or Authority employees or agents or entities employed as agents or employees of those entities may have been delegated authority by the County or the Authority legal or putatively to make certain decisions, which in the exercise thereof, acting under color of state law, deprived Fisher of his rights or lead to the deprivation of Fisher's rights. The identities of these persons or "decision makers" or "policy makers" are presently unknown to Fisher, except as set forth herein. Therefore, Fisher reserves the right to add these persons or entities as additional defendants upon discovery of their identity and activities.

## SUBJECT MATTER JURISDICTION AND VENUE

16.     Fisher alleges against the Federal Defendants that USDA RD RUS, and the officers thereof, failed to require the State Defendants, in connection with certain loans and grants made to them, to adhere to the United States Constitution and federal law requiring compliance with the Uniform Relocation Assistance and Real Property Acquisitions Policies Act codified at 42 U.S.C. §§ 4601 *et seq.* or alternatively, certain provisions of §43-39-1 *et seq.* of the *Mississippi Code of 1972*, as amended, which are applicable pursuant to 42 U.S.C. §4655. Therefore, Fisher's action against these Federal Defendants, arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§701-706. Fisher alleges against the State Defendants the deprivation under color of state law of his right to be free from unreasonable warrantless seizure of his property and to be accorded due process of law before he is deprived of his

property, both secured unto him by the United States Constitution Amendment IV and XIV, respectively, as well as federal law, 42 U.S.C. §4655. Therefore, Fisher brings this action against the State Defendants pursuant to 42 U.S.C. §1983. The jurisdiction of this court is invoked with respect to the Federal Defendants pursuant to 28 U.S.C. §1331 (action arising under the laws of the United States) and 5 U.S.C. §§701-706 (judicial review of agency actions). The jurisdiction of this court is invoked with respect to the State Defendants pursuant to 28 U.S.C. §1343(3) and (4)(actions for redress of deprivation of civil rights, arising under the constitution and laws of the United States, by persons acting under color of state law).

17.    Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b)(2), (c)(2) and (e) because a substantial part, if not all, of the events giving rise to Fisher's claims occurred in Lowndes County, Mississippi, which is in this district; the State Defendants are subject to the court's personal jurisdiction over them in this district; and the Mississippi Area 6 Regional Office of USDA RD is located in this district in Oktibbeha County, Mississippi at Starkville, Mississippi. Lowndes County, Mississippi and Oktibbeha County, Mississippi, are both located in the Aberdeen Division of the U.S. District Court for the Northern District of Mississippi.

## FACTS

18.    Fisher is the owner of a certain leasehold agreement for land located in Lowndes County, Mississippi, and beginning on the date of its execution until the date of April 16, 2012 was in peaceful, continuous possession of the entirety thereof.  A copy of the leasehold agreement is attached hereto as "Exhibit A" and will be referred to herein after as "the Raymond Ranch Lease", or "the leasehold interest".

19.    As the Raymond Ranch Lease was executed for the purposes of conducting a beef cattle operation, Fisher was in continuous possession at all times above by virtue of his cattle being located

thereon and by his presence thereon from time to time to tend to his cattle operation as needed.

20.     The Raymond Ranch property in its entirety, consisted of pasture land as well as other land, which was excluded from the lease. The Raymond Ranch Lease covered only the pasture land, but included the attendant areas fenced and cross-fenced, as well as cattle working facilities and a barn, ponds, creeks and a clean water source. The term of the lease was for 10 years beginning January 1, 2008 and ending December 31, 2017. The lease contained no provision whereby the lessor could unilaterally reduce the acreage under lease or alter the character of the use of the property so as to reduce the leased acreage available to the lessee for pasturage in his cattle operation. Further, the lease contained no provision for termination by the lessor upon sale of the land, by lessor to another, automatically or at the lessor's or buyer's election.

21.     Subsequent to the beginning date of the Raymond Ranch Lease, the ownership of the land subject to the lease was transferred by deed to the ownership of Robert J. Raymond, Jr., ("Raymond").

22.     At or about this time, the date of which is not necessarily relevant, the County or the Authority applied for and received certain loans and grants from the United States Department of Agriculture, Rural Development/Rural Utility Service for the purchase of land for an industrial park and the attendant construction of certain water and waste disposal systems, including installation of a water line, elevated tank, well, and two waste water pump stations and certain roadways for the industrial park that were to be located on part of the Raymond Ranch. At all material times hereto, the Link through its employee Higgins, performed all management and consulting services necessary for the assembly of the necessary purchase options for the land and administration of the loans and grants.

23.     The purpose of the improvements described above were announced by the County and the Authority (acting through the Link and its employee, Higgins) as being part of the Authority's plans

to create a "Golden Triangle Global Aerospace Industrial Park."

24.     After the announcement of receipt of the award from USDA/RD RUS loans and grants was made, the Authority purchased a utility easement and a four acre site for the above described water and waste improvements from Raymond. Such purchases were of property interests within the area covered by leasehold interest of Fisher for the Raymond Ranch.

25.     Within the same relevant time period, the County purchased a road right of way easement from Raymond across the leasehold property  and then subsequently purchased from Raymond approximately 279.2 acres of the Raymond Ranch Property lying within the leasehold interest of Fisher for the Raymond Ranch (including part of the land subject to the road right of way easement) for the purposes of eventual conveyance to the Authority for future industrial development.  These conveyances and transactions are shown by copies of those instruments attached hereto as "Exhibit B", "Exhibit C", "Exhibit D" and "Exhibit E". After the sale of the 279.2 acres and the 4.0 acres by Raymond were made known to him, Fisher began to attorn a *pro rata* portion of his rental payments to the County and the Authority, as requested by Raymond. The checks were delivered and not returned. Fisher's continued occupancy was never protested or legally contested.

26.     At all times material hereto, the County and the Authority knew of the existence of the lease and through the Link and Higgins communicated to Fisher the eventual intentions of the County and the Authority with respect to the development of the land subject to Fisher's lease. Fisher was advised by Higgins that when construction was to begin for the improvements to the park and the land needed, that the County and the Authority would begin financial negotiations with him for the release of his leasehold interest, in whole or in part, as needed.

27.     On January 19, 2012, the Authority authorized payment to Fisher of a sum to "buy the lease out" at the amount of $18.69 per acre. Fisher alleges that no offer was ever formally communicated

to him nor was it based on any appraisal made pursuant to the Uniform Relocation Assistance and Real Property Acquisitions Policies Act codified at 42 U.S.C. §§ 4601 *et seq.* or alternatively, certain provisions of §43-39-1 *et seq.* of the *Mississippi Code of 1972*, as amended, which could have been applicable pursuant to 42 U.S.C. §4655. Fisher further alleges that he never waived application of his constitutional rights and statutory protections secured to him by virtue of these laws.

28.     On February 16, 2012, the Authority opened bids on the construction project for the water and waste improvements, as well as fencing and roadway construction to those facilities and voted to award construction contracts to the successful bidders.

29.     On information and belief, Fisher alleges that the Authority signed contracts with the successful bidders and the bidders were thereafter notified to proceed to begin construction.

30.     Shortly thereafter, Fisher became aware that construction was to begin immediately. However, since Fisher had not been notified as compensated, he objected to the entry of any contractors into the property without full disclosure of the exact use of the property that would be made by them, its extent, its effect on his present cattle operations and without prior payment or promise of the amount of payment to be made to him by the County or Authority.

31.     In early March 2012, Fisher appeared at the gate to the leasehold in order to prevent contractors coming on the property without his consent (due to lack of prior payment by the County or the Authority) and interrupting his cattle operations. Numerous persons employed by various contractors began to make threats to Fisher demanding entry. An attorney for the Authority, Aubrey E. Nichols, Esq. ("Nichols") then subsequently appeared and requested deputies from the Lowndes County Sheriff's Department come to the scene. The deputies appeared and the Authority representatives requested they force Fisher to allow entry into the property. When informed of Fisher's lease, the deputies refused to do so and advised the contractors and Nichols to seek redress of their civil dispute in a court of law if the

same could not be resolved.

32.    Fisher protested the actions taken by the Authority to USDA RD by causing through his attorney a letter to be sent on April 13, 2012, to Clifton Russell, of USDA RD in the Area 6 District Office in Starkville, who was the federal officer administering the loans and grants to the Authority and the County. A copy of this letter protesting the actions by which the State Defendants were attempting to seize a portion of Fisher's leasehold interest and to deprive him of his procedural due process rights, is attached hereto as "Exhibit F". Fisher charges that the letter was factually and legally sufficient to put USDA/RD and all of the named officers having supervisory authority in the chain of command above Russell on notice that the State Defendants were acting contrary to the requirements of law upon which the loans and grants were conditioned. To this day, Fisher has never received any response from USDA/RD or any of the named officer defendants in the chain of command above Russell, although on information and belief, it is alleged that Russell forwarded the letter for action to his superiors in USDA/RD. Fisher alleges that USDA/RD action was unlawfully withheld or unreasonably delayed or that any finding contrary to Fisher, that has not been made known to him, was the result of agency action, findings, or conclusions that were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, contrary to Fisher's constitutional rights and privileges or without observance by USDA/RD of procedures required by law.

33.    On April 16, 2012, contractors appeared again at the gate to the leasehold property and attempted entry. Fisher denied them entry. Nichols then appeared and requested deputies of the Sheriff's Department appear. Shortly after the deputies appeared, Higgins arrived. Deputies again advised the same as before, stating essentially the parties needed to resolve the matter in court and that they would not short of violence prevent Fisher by any arrest, from keeping the contractors off the property and would not arrest the contractors if they entered the property. Thereupon, Fisher observed Nichols

and Higgins conference together, then both conference with the deputies. Then Higgins and Nichols conferenced with the contractors, whereupon Higgins, upon information and belief, directed or authorized a contractor or a contractor's employee to cut the fence adjacent to the gate to allow entry.

34.     After the fence was cut, the contractors went on the property and Fisher retired from the scene, as he did not desire to resort to forcible violence and be arrested.

35.     On April 19, 2012, when the Authority held its regular monthly meeting, upon being informed by Nichols of the events of April 16, 2012, the Authority approved "the actions taken thus far by the Authority's representatives," with respect to Fisher and the entry made into the land subject to Fisher's Raymond Ranch lease. The names of the Authority representatives and their precise activities are not disclosed in the minutes. *See*, "Exhibit G" attached.

36.     Fisher alleges that on April 16, 2012, "the Authority's representatives" were taking action previously approved pursuant to policy, custom, regulation or usage established by Higgins, the Link, the Authority and the County, or in the alternative, that "the Authority's representatives" powers to accomplish such actions and make the decisions so done on April 16, 2012 were ratified by the Authority on April 19, 2012 as a matter of law. Essentially stated, Fisher alleges that the policy, custom, regulation or usage the State Defendants or "the Authority's representatives" adopted, was to treat Fisher as if his leasehold interest was not property, was of a *de minimis* value and that Fisher could essentially take what the State Defendants were willing to dish out to him or they would eventually forcibly remove him (by arrest or otherwise) and his cattle operation from the premises or otherwise make it impossible to operate and force him to sue them for any claimed wrong.

37.     The actions by the contractors from April 16 through approximately April 19, 2012 resulted in the establishment of a fence which precludes Fisher from exercising his leasehold rights for approximately 30 acres of pasture land for his cattle.

38.　　As a result of the foregoing, Fisher was required to file an action in State Court pursuant to the Mississippi Constitution for inverse condemnation. A copy of the Complaint in that action, with exhibits redacted, is attached hereto as "Exhibit H".

39.　　On information and belief, Fisher alleges the Authority has recently let a contract for the construction of a roadway through the county land and easement purchased from Raymond, as referenced in ¶25 above. The roadway construction will begin on September 30, 2013, at 7:00 A.M. at the present terminus of the roadway on the Raymond Ranch and continue to bear in a south and westerly direction, to the South property line of the leasehold interest. Such action will damage irreparably the remainder of the leased property, as the new roadway will effectively bisect the pasture land remaining. The placement of the roadway and attendant boundary fences will leave a parcel to the west and one to the east. The barn and related cattle working facilities for the leasehold interest will be located on the parcel that will be left on the east. The only fresh water source for the cattle will be left on the western tract. This makes use of either parcel for pasturing cattle untenable. A copy of a survey (as modified) furnished on September 20, 2013, is attached as "Exhibit I".

40.　　As a result of the impending action of the State Defendants, Fisher may well suffer a total loss of his cattle operation on the Raymond Ranch lease and additional land under the lease will be taken and seized without due process of law.

## REQUEST FOR TEMPORARY RESTRAINING ORDER, OR IN
## THE ALTERNATIVE FOR A PRELIMINARY INJUNCTION

41.　　The foregoing shows that an immediate and irreparable injury loss or damage will result to Fisher before any of these parties can be heard in opposition. Pursuant to F.R.C.P. 65(b)(1)(B) the undersigned certifies that he will furnish an electronic copy of this complaint to the attorney for the Authority and request the attorney for the Authority to refrain from beginning construction on September 30, 2013, at 7:00 A.M., so that the court may schedule a hearing on the request for a

preliminary injunction. The roadway and fencing along same is planned for other parcels south of the Raymond Ranch leasehold of Fisher, and the construction crew nor the construction contract will be materially delayed. Fisher's injury is to an interest in real property as defined by state law and such has always been considered to be treated as *per se* property of peculiar value for which destructive trespass may be enjoined, without reference to its quality, use or value. *Hood v. Foster*, 194 Miss. 812, 13 So.2d 652 (Miss. 1943), *citing Moss v. Jourdan*, 129 Miss. 598, 92 So. 689 (Miss. 1920) (*overruled on other grounds in Witherspoon v. Campbell*, 219 Miss. 640, 69 So.2d 384 (Miss. 1954)). Pursuant to F.R.C.P. 65(b)(1)(B) the undersigned also certifies that the imminent circumstances described in this complaint evidence the reason such notice should not be required. Both the undersigned as well as Fisher certify that they believe that such notice would have no effect on the intentions of the State Defendants to begin construction, as they have been told by law enforcement authorities twice now that resolution of the issue of entry should be obtained in a court of law.

42.     In the alternative, Fisher requests that this order, upon notice, convene a hearing on his request for a preliminary injunction to enjoin the threatened construction alleged above, as well as the funding therefore from USDA RD, until this court can convene a hearing on the merits of this complaint. At such hearing, the undersigned and Fisher certify that they reasonably believe that Fisher can carry the burden of persuasion as to a showing of the following: (1) irreparable injury to Fisher; (2) a substantial likelihood of Fisher's success on the merits; (3) hardships favorably balance to Fisher; and (4) no adverse effect on the public interest.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Fisher prays for a temporary restraining order, a preliminary injunction, permanent injunctive relief and damages as may be shown by proof and for such

other or more further relief as the court may deem mete and proper in the premises.

Respectfully submitted this the 20th day of September, 2013.

ROY FISHER, PLAINTIFF

BY: _____

GARY STREET GOODWIN
HIS ATTORNEY

GOODWIN LAW FIRM
THE PLAZA BUILDING
501 7TH STREET NORTH, SUITE 10
POST OFFICE BOX 524
COLUMBUS, MISSISSIPPI 39703-0524
(662) 328-1101 TELEPHONE
(662) 328 1102 FACSIMILE
goodwinlawfirm@bellsouth.net

STATE OF MISSISSIPPI

COUNTY OF LOWNDES

Personally appear before me , the undersigned authority of law in and for the jurisdiction aforesaid, the within named Roy G. Fisher, who, after being by me duly sworn stated and deposed that the matters and things alleged in the foregoing Complaint are true and correct as therein stated.

_____
ROY G. FISHER

Sworn to and subscribed before me on this the 20th day of September, 2013.

_____
NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 103289
CHASTITY NICOLE McPHERSON
Commission Expires
Aug. 28, 2016
LOWNDES COUNTY

CERTIFICATE OF SERVICE

This will certify that I, Gary Street Goodwin, have this day serviced a copy of the foregoing COMPLAINT by electronic mail to Tim Hudson, Attorney for Lowndes County, Mississippi, Aubrey Nichols, Attorney for Lowndes County Industrial Development Authority, Ralph Dean, AUSA, Northern District of Mississippi.

So certified, this the 20th day of September, 2013.

_____
GARY STREET GOODWIN

Page 13 of 13

STATE OF MISSISSIPPI
LOWNDES COUNTY
LEASE

This lease is made and entered into between the Mae E. Raymond Trust, the lessor, Robert J. Raymond, trustee and resident farm manager, and Roy Gene Fisher, the lessee, according to the following terms and conditions :

1. The property leased hereby is that certain farm or ranch located in Lowndes County Mississippi commonly known as The R-J Ranch at 968 Raymond Road some twelve miles west of Columbus, MS, except the following which is excluded herefrom an does not leased hereby :
   a. The principal dwelling house and the fenced yard on which same is situated and
   b. The fenced pasture to the south of the principal residence which is used for lessor's horses. (approx. 34 acres)
   c. The 'bottom land' consisting of 151 acres (more or less) which was enrolled in the CRP program in 2004.
2. The term of the lease is for 10 (ten) years, beginning January 1, 2008.
3. Rent payable hereunder is $6,320.00 cash, payable in two equal payments as follows: $3,160.00 due January 1, 2008 (pd. 1/1/08) and each January 1 of the lease, and $3,160.00 due July 1, 2008 and each July 1 of the lease period. Each payment shall be delivered to the lessor's agent, Robert J. Raymond, at 968 Raymond Road, Columbus, MS 39701, by the above dates.
4. The lessee will use said property solely as pasture land for his cattle unless specific authority is granted in writing by the lessor/agent.
5. The lessee will not assign the lease to anyone else or sublease any of said property without the written consent of the lessor/agent.
6. Lessee will maintain all fences and farm buildings and will make all necessary repairs to farm buildings and fences and will furnish all labor therefore, though the lessor will pay for all materials that have been pre-approved by said lessor/agent.
7. Lessor retains all hunting and fishing rights.
8. Lessee agrees to clip all pastures at least once during the period of June 1 to October 15 of each lease year.
9. All fence lines shall remain as is buy may be changed with written consent of lessor/agent.
10. Any breach in the terms of this lease or failure to perform any of the terms of the lease hereof, specifically including payment of the lease shall void the lease and authorize the lessor to immediately enter and take possession of said property.

FILED

DEC 2 1 2012

*Michele O. Salizar*
Circuit Clerk

Exhibit A

In witness thereof we have hereunto set our signatures in duplicate, this _____day of May, 2008, each copy hereof being an original.

_____

Mae E.Raymond Trust, Lessor
Robert J. Raymond, Trustee, Agent and Resident Farm Manager
968 Raymond Road
Columbus, MS 39701

In witness whereof I have hereunto set my signature in duplicate this _____day of May, 2008, each copy hereof being an original.

_____

Roy Gene Fisher
1472 Camp's Airport Road
Starkville, MS 39759

**FILED**

DEC 2 1 2012

Circuit Clerk

# Exhibit A



```
Bk DEED 2011 Pg  6617  Thru  6619
Total  $   12.00
LISA YOUNGER NEESE, CHANCERY CLERK
LOWNDES COUNTY, MS
I CERTIFY THIS INSTRUMENT FILED/RECORDED
NOVEMBER 21 2011  03:04:00PM
```

This instrument prepared by and return to:
Aubrey E. Nichols, MSB#3842
Nichols Title Services, LLC
Post Office Box 1081
Columbus, MS 39703-1081
(662) 328-4245
18.191-038

Indexing instructions:
SE¼; S34, T19N, R16E;
Lowndes County, Mississippi

STATE OF MISSISSIPPI

COUNTY OF LOWNDES                    UTILITY EASEMENT

THIS INDENTURE made and entered into this day by and between **Robert J. Raymond, Jr.,** a single

person, 968 Raymond Road, Columbus, Mississippi 39701, Telephone (662) 549-1133, Grantor, and the

**Lowndes County Industrial Development Authority**, Post Office Box 1328, Columbus, Mississippi

39703, Business Telephone (662) 328-8369, Grantee.

WITNESSETH:

The Grantor, for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid by the

Grantee, the receipt whereof is hereby acknowledged, and other good and valuable consideration, does

hereby give, grant and convey unto Grantee, his successors and assigns, a permanent general utility easement

with the right to construct, install, operate and maintain utility facilities and systems including but not

limited to water and sewer lines with said easement and the property covered thereby being more particularly

described as follows, to-wit:

FILED

DEC 2 1 2012


Circuit Clerk

# Exhibit B

Commencing at a set iron rod also being the NW corner of the NW 1/4 of Section 3, T-18-N, R-16-E Lowndes County Mississippi having State Plane Coordinate N-1441672.6216ft E-1049730.6597ft; Mississippi coordinate system of 1983 East Zone; thence S.00°00'23"W., a distance of 2,882.77 feet to the point of curve of a non tangent curve to the right, of which the radius point lies S.88°51'42"E., a radial distance of 1,648.14 feet and having a chord bearing of N.20°39'44"E., 1,101.61 feet; thence northerly along the arc, through a central angle of 39°02'51", a distance of 1,123.22 feet; thence N.40°11'09"E., a distance of 727.03 feet; thence continue N.40°11'09"E., a distance of 1,817.70 feet; thence continue N.40°11'09"E., a distance of 2,777.73 feet to a point of curve to the right having a radius of 1,648.14 feet, a central angle of 24°47'40", and a chord bearing of N.52°34'59"E., 707.67 feet; thence northeasterly along the arc a distance of 713.23 feet; thence S.19°43'33"E., a distance of 40.18 feet to the POINT OF BEGINNING; said point also being the beginning of a curve to the right, of which the radius point lies S.25°09'06"E., a radial distance of 1,608.14 feet and having a chord bearing of N.65°33'48"E., 40.14 feet; ; thence northeasterly along the arc, through a central angle of 01°25'48", a distance of 40.14 feet; thence S.19°43'33"E., a distance of 220.62 feet to the point of curve of a non tangent curve to the left, of which the radius point lies S.24°21'22"E., a radial distance of 1,388.14 feet and having a chord bearing of S.64°48'52"W., 40.18 feet; thence southwesterly along the arc, through a central angle of 01°39'31", a distance of 40.18 feet; thence N.19°43'33"W., a distance of 221.15 feet to the POINT OF BEGINNING. Located in the NE 1/4 of the SE 1/4, of Section 34, T-19-N, R-16-E, Lowndes County, Mississippi, and containing 0.2028 acres, more or less.

TOGETHER WITH all the rights and privileges necessary or convenient for the full enjoyment or use thereof, including the right of ingress and egress to and from said utility facilities, and the right to repair and maintain the same; and also the right to cut and keep clear all trees, and to keep clear other obstructions that may injure or endanger said utility facilities.

Ownership of and title to the utility facilities and systems installed shall remain with the Lowndes County Industrial Development Authority.

WITNESS the execution hereof on this the 15th day of November. 2011.

_____
Robert J. Raymond, Jr.

FILED

DEC 2 1 2012

_Melinda O. Salazar_
Circuit Clerk

# Exhibit B

STATE OF MISSISSIPPI

COUNTY OF LOWNDES

Personally appeared before me, the undersigned notary public in and for said county and state aforesaid, on this 15th day of November, 2011, within my jurisdiction, the within named **Robert J. Raymond, Jr.**, who acknowledged before me that he executed the above and foregoing instrument.

_____

NOTARY PUBLIC

(S E A L)

My Commission Expires: _____



# Exhibit B



Bk DEED 2011 Pg 6620 Thru 6621
Total $ 13.00
LISA YOUNGER NEESE, CHANCERY CLERK
LOWNDES COUNTY, MS
I CERTIFY THIS INSTRUMENT FILED/RECORDED
NOVEMBER 21 2011 03:15:00PM

This instrument prepared by and return to:                     Indexing instructions:
Aubrey E. Nichols, MSB#3842
Nichols Title Services, LLC                                    SW¼; SE¼; S34, T19N, R16E;
Post Office Box 1081
Columbus, MS 39703-1081                                        SW¼; S35, T19N, R16E;
(662) 328-4245                                                 Lowndes County, Mississippi
18,191-038

---

STATE OF MISSISSIPPI                    **DEED TO ROAD RIGHT OF WAY EASEMENT**

COUNTY OF LOWNDES

For and in consideration of the sum of $10.00, and other good and valuable consideration, the

receipt and sufficiency whereof is hereby acknowledged, Robert J. Raymond, Jr., a single person,

968 Raymond Road, Columbus, Mississippi 39701, Telephone (662) 549-1133, Grantor, does hereby

convey and warrant unto Lowndes County, Mississippi, Post Office Box 1364, Columbus,

Mississippi 39703, Telephone (662) 329-5896, Grantee, the following described right-of-way

easement, to-wit:

(#7)   Commencing at a set iron rod also being of the NW corner of the NW 1/4 of
Section 3, T-18-N, R-16-E Lowndes County Mississippi having State Plane Coordinate
N-1441672.6216ft E-1049730.6597ft; Mississippi coordinate system of 1983 East Zone;
thence S00°00'23"W, a distance of 2,882.77ft; thence along a curve having a radius of
1,648.14ft, arc length of 1,123.22ft, delta angle of 39°02'51" RT, a chord bearing of
N20°39'44"E, and a chord length of 1,101.61ft; thence N40°11'09"E, a distance of
727.03ft; thence N40°11'09"E, a distance of 1,817.70ft to the point of beginning; from

FILED

DEC 2 1 2012

*Mahala O. Salazar*
Circuit Clerk

# Exhibit C

said point of beginning; thence N40°11'09"E, a distance of 2,777.73ft; thence along a curve having a radius of 1,648.14ft, arc length of 794.47ft, delta angle of 27°37'08" RT, a chord bearing of N53°59'43"E, and a chord length of 786.80ft; thence N89°56'11"E, a distance of 820.37ft; thence N89°56'11"E, a distance of 1,336.93ft; thence along a curve having a radius of 120.00ft, arc length of 25.94ft, delta angle of 12°23'04" LT, a chord bearing of S14°00'31"E, and a chord length of 25.89ft; thence S20°12'03"E, a distance of 156.88ft; thence S89°42'58"W, a distance of 1,601.82ft; thence along a curve having a radius of 1,348.14ft, arc length of 1,165.42ft, delta angle of 49°31'49" LT, a chord bearing of S64°57'04"W, and a chord length of 1,129.47ft; thence S40°11'09"W, a distance of 2,494.47ft; thence S86°49'48"W, a distance of 412.59ft to the point of beginning. Located in the SE 1/4 of the SW 1/4, SW 1/4 of the SE 1/4, NW 1/4 of the SE 1/4, NE 1/4 of the SE 1/4 of Section 34; NW 1/4 of the SW 1/4 and the NE 1/4 of the SW 1/4 of Section 35, T-19-N, R-16-E Lowndes County, Mississippi and containing 32.2588 acres, more or less.

As part of the consideration for this conveyance, Grantee does hereby agree and Grantor is

granted and hereby reserves the right to construct one cross over point and location to be determined

by the Grantor for a private access road from the property described herein to Grantor's remaining

property in the SW 1/4 of S35, T19N, R16E, Lowndes County, Mississippi.

WITNESS the execution hereof on this the 29th day of April, 2011.

_____
Robert J. Raymond, Jr.

STATE OF MISSISSIPPI
COUNTY OF LOWNDES

Personally appeared before me, the undersigned notary public in and for said county and state aforesaid, on this ____ day of April, 2011, within my jurisdiction, the within named Robert J. Raymond, Jr., who acknowledged before me that he executed the above and foregoing instrument.

_____
NOTARY PUBLIC

(SEAL)

My Commission Expires: January 6, 2013
18,191-038

FILED

DEC 2 1 2012

_____
Circuit Clerk

# Exhibit C



Bk DEED 2011 Pg  7384  Thru  7388
Total    $
LISA YOUNGER NEESE, CHANCERY CLERK
LOWNDES COUNTY, MS
I CERTIFY THIS INSTRUMENT FILED/RECORDED
DECEMBER  22 2011  10:33:00AM

PREPARED BY:
 AND RETURN TO
TIMOTHY C. HUDSON
P. O. BOX 648
COLUMBUS, MS 39703
662-328-2711

INDEXING INSTRUCTIONS:
SE1/4; SW1/4; S34, T19N, E16E;
LOWNDES COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI
COUNTY OF LOWNDES

## WARRANTY DEED

For and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other

good and valuable considerations, the receipt, amount and sufficiency of which are hereby

acknowledged, ROBERT J. RAYMOND, JR., 968 RAYMOND RD. COLUMBUS, MS 39701;

(662) 549-1133, GRANTOR, does hereby SELL, CONVEY and QUITCLAIM unto LOWNDES

COUNTY, MISSISSIPPI, GRANTEE POST OFFICE BOX 1384 COLUMBUS, MS 39703;

662-329-5884 the following described real estate, located in the County of Lowndes, State of

Mississippi, and being more particularly described as follows, to-wit:

The SE1/4; the E1/2 of the SW1/4; the NW1/4 of the SW1/4; and 14 acres off of
the East part or side of the SW1/4 of the SW1/4 all in S34, T19, R16E, Lowndes

# FILED

DEC 2 1 2012


Circuit Clerk

# Exhibit D

County, Mississippi, LESS AND EXCEPT, HOWEVER, a four acre tract as described below in the following current metes and bounds survey description:

Commencing point being a set iron rod at the NW corner of the NW 1/4 of Section 3, T-18-N, R-16-E, Lowndes County, Mississippi having State Plane Coordinate N-1441672.6216ft E-1049730.6597ft; Mississippi Coordinate system of 1983 East Zone; thence N00°00'23 "E, a distance of 1,279.09 feet to the point of beginning; from said point of beginning; thence N00°00'23"E, a distance of 1,397.96 feet; thence S89°51'57"E, a distance of 2,552.36 feet; thence N89°47'36"E, a distance of 1,377.03 feet; thence N89°56'11"E, a distance of 1,350.00 feet; thence S00°04'48"E, a distance of 2,392.10 feet; thence S81°50'11"W, a distance of 138.00 feet; thence S86°48'14"W, a distance of 2,690.27 feet; thence S86°49'48"W, a distance of 1,591.84 feet; thence N00°34'47"E, a distance of 1,256.21 feet; thence S89°41'00"W, a distance of 883.50 feet to the point of beginning and being located in the NW 1/4 of the SW 1/4 and the NE 1/4 of the SW 1/4 and the S W 1/4 of the S W 1/4 and the SE 1/4 of the S W 1/4 and the NW 1/4 of the SE 1/4 and the NE 1/4 of the SE 1/4 and the S W 1/4 of the SE 1/4 and the SE 1/4 of the SE 1/4 of Section 34, T-19-N, R-16-E, Lowndes County, Mississippi containing a gross amount of 283.2246 acres, Less and Except a tract of 4.0000 acres described below, resulting in a net amount of 279.2246 acres, more or less.

LESS AND EXCEPT: Commencing at a set iron rod also being the NW corner of the NW 1/4 of Section 3, T-18-N, R-16-E Lowndes County Mississippi having State Plane Coordinate N-1441672.6216ft E-1049730.6597ft; Mississippi coordinate system of 1983 East Zone; thence S.00°00'23 "W., a distance of 2,882.77 feet; thence along a curve to the right having a radial distance of 1,648.14 feet, arc length of 1,123.22 feet, delta angle of 39°02'51", a chord bearing of N.20°39'44"E, and a chord length of 1,101.61 feet; thence N.40° 11'09"E., a distance of 727.03 feet; thence continue N.40°1 1'09"E. along said line, a distance of 1,817.70 feet; thence continue N.40°1 1'09"E. along said line, a distance of 2,115.55 feet to a point being the POINT OF BEGINNING. From POINT OF BEGINNING run thence N.00°00'00"E., a distance of 643.00 feet; thence N.90°00'00"E., a distance of 557.28 feet; thence along a curve to the left having a radial distance of 1,648.14 feet, arc length of 189.06 feet, delta angle of 06°34'21", a chord bearing of S.43 °28' 19"W., and a chord length of 188.96 feet; thence S.40° 11'09"W., a distance of 662.18 feet to the POINT OF BEGINNING. Located in the NW 1/4 of the SE 1/4 of Section 34, T-19-N, R-16-E, Lowndes County, Mississippi, and containing 4.0 acres, more or less.

ALSO LESS AND EXCEPT a strip of land along the South boundary of the property described herein owned by Naturelle Investments, LLC and more particularly described as follows:

Beginning at the SE corner of said S34, and run thence West along the South boundary of said S34 to a point on the East boundary of the Billups tract

FILED

DEC 2 1 2012

*mohele o7. Salazar*
**Circuit Clerk**

# Exhibit D

described as the West 26 acres of the SW1/4 of the SW1/4 of S34, T19N, R16E; run thence North for 15 feet more or less to a point on the South boundary of the Raymond tract; run thence North 87 degrees, 50 minutes East, for 1,566 feet along the South boundary of the Raymond tract and the North boundary of the Naturelle tract to a point; continue thence North 87 degrees, 50 minutes East, along the South boundary of the Raymond tract and the North boundary of the Naturelle tract to a point on the East boundary of said S34; run thence South along said East boundary to the POINT OF BEGINNING of this excepted parcel. Being described by current metes and bounds survey as follows:

SUBJECT, HOWEVER, to the reservation by the Grantor of a permanent and perpetual but non-exclusive easement for purposes of ingress and egress over, upon and across a 30-foot wide tract of land located South of and adjacent to the North boundary of the South Half of said Section 34, Township 19, Range 16 East, Lowndes County, Mississippi.

The property described herein is not the homestead of the Grantor, nor is it being claimed as such.

The Grantor herein reserves all rights to oil, gas and other minerals lying in or under the subject property.

By the acceptance of this deed, Grantee acknowledges and agrees that, as a covenant running with the land, in the event the Grantee sells all or any part of the subject property within 5 years of the date of this conveyance, at a per acre price more the price paid to Grantor for this purchase, that Grantee shall pay the Grantor a sum equal to one half of the difference between Grantor's per acre sales price to Grantee and the Grantee's per acre sales price to the third party. Excepted from the warranty of this conveyance and the warranty of this conveyance is subject to the following:

(1) All taxes becoming a lien on said property on and after January 1, 2011.

(2) Existing easements for the installation and maintenance of public utility facilities and roadway rights of way.

(3) Any prior reservation of oil, gas or other minerals.

FILED

DEC 2 1 2012

*Mahele o. Salazar*
Circuit Clerk

# Exhibit D

(4)    Any zoning ordinances affecting the subject property.

WITNESS MY SIGNATURE, on this the _20_ day of December, 2011.

ROBERT J. RAYMOND, JR.

FILED

DEC 2 1 2012

Circuit Clerk

# Exhibit D

STATE OF MISSISSIPPI
COUNTY OF LOWNDES

      Personally appeared before me, the undersigned authority at law, in and for said county and state, on this the ___*01*___ day of December, 2011, within my jurisdiction, the within named Raymond J. Raymond, Jr., who acknowledged that as his own act and deed he executed the above and foregoing instrument.

(S E A L)

                                 NOTARY PUBLIC

My Commission Expires:

AC/27780/002/Deed120211

FILED

DEC 2 1 2012

*Michele D. Salaizar*
Circuit Clerk

# Exhibit D



Bk DEED 2012 Pg   1379   Thru   1381
Total  $    13.00
LISA YOUNGER NEESE, CHANCERY CLERK
LOWNDES COUNTY, MS
I CERTIFY THIS INSTRUMENT FILED/RECORDED
MARCH    6 2012    02:54:00PM

| This instrument prepared by and return to: | Indexing instructions: |
|---|---|
| Aubrey E. Nichols, MSB#3842 | SE¼ of S34, T19N, R16E |
| Nichols Title Services, LLC | Lowndes County, Mississippi |
| Post Office Box 1081 | |
| Columbus, MS 39703-1081 | |
| (662) 328-4245 | |
| 18,191-038 | |

STATE OF MISSISSIPPI

**WARRANTY DEED**

COUNTY OF LOWNDES

For and in consideration of the sum of Ten Dollars ($10.00), and other good and valuable

consideration, the receipt and sufficiency whereof is hereby acknowledged, **Robert J. Raymond,**

**Jr.**, 968 Raymond Road, Columbus, MS 39701, (662) 549-1133, Grantor, does hereby sell, convey

and warrant unto **Lowndes County Industrial Development Authority**, Post Office Box 1328,

Columbus, MS 39704, (662) 328-8369, Grantee, the following described property lying and being

situated in Lowndes County, Mississippi, to-wit:

Commencing at a set iron rod also being the Northwest corner of the Northwest Quarter
of Section 3, Township 18 North, Range 16 East, Lowndes County, Mississippi, having
State Plane Coordinate N-1441672.6216 feet E-1049730.6597 feet; Mississippi
coordinate system of 1983 East Zone; thence South 00 degrees 00 minutes 23 seconds
West, a distance of 2,882.77 feet; thence along a curve to the right having a radial
distance of 1,648.14 feet, arc length of 1,123.22 feet, delta angle of 39 degrees 02
minutes 50 seconds, a chord bearing of North 20 degrees 39 minutes 44 seconds East,
and a chord length of 1,101.61 feet; thence North 40 degrees 11 minutes 09 seconds

DEC 2 1 2012

# Exhibit E

*Michele O. Sallozar*
Circuit Clerk

STATE OF MISSISSIPPI

COUNTY OF LOWNDES

     Personally appeared before me, the undersigned notary public in and for said county and state

aforesaid, on this _20th_ day of _November_ , 2011, within my jurisdiction, the within named

Robert J. Raymond, Jr., who acknowledged before me that he executed the above and foregoing

instrument.

NOTARY PUBLIC

My commission expires: _Jan. 6, 2013_

FILED

DEC 2 1 2012

Circuit Clerk

# Exhibit E

East, a distance of 727.03 feet; thence continue North 40 degrees 11 minutes 09 seconds East along said line, a distance of 1,817.70 feet; thence continue North 40 degrees 11 minutes 09 seconds East along said line, a distance of 2,115.55 feet to a point being the POINT OF BEGINNING; from point of beginning run thence North 00 degrees 00 minutes 00 seconds East, a distance of 643.00 feet; thence North 90 degrees 00 minutes 00 seconds East, a distance of 557.28 feet; thence along a curve to the left having a radial distance of 1,648.14 feet, arc length of 189.06 feet, delta angle of 06 degrees 34 minutes 21 seconds, a chord bearing of South 43 degrees 28 minutes 19 seconds West, and a chord length of 188.96 feet; thence South 40 degrees 11 minutes 09 seconds West, a distance of 662.18 feet to the point of beginning. Located in the Northwest Quarter of the Southeast Quarter of Section 34, Township 19 North, Range 16 East, Lowndes County, Mississippi, and containing 4.0 acres, more or less.

SUBJECT TO the reservation by the Grantor of all oil, gas, and other mineral interests owned by him.

The above described property is not the homestead of the Grantor herein, nor is it claimed by him as such.

There is excepted from the warranty hereof and this conveyance is made subject to the following:

1. The lien of ad valorem taxes for the year 2011 which are to be prorated as of the date of this conveyance.

2. Any prior oil, gas and other mineral conveyances or reservations.

WITNESS the execution hereof on this the _20th_ day of _December_, 2011.

_Robert J. Raymond_

**Robert J. Raymond, Jr.**

FILED

DEC 2 1 2012

_Mahale N. Salazar_
Circuit Clerk

# Exhibit E

Print

Case: 1:13-cv-00177-MPM-DAS Doc #: 1 Filed: 09/20/13 29 of 45 PageID #: 29   Page 1 of 1

| Subject: | USDA/RD Loan and Grant to Lowndes County Industrial Development Authority |
|---|---|
| From: | Gary Goodwin (goodwinlawfirm@bellsouth.net) |
| To: | clifton.russell@ms.usda.gov; |
| Cc: | jeni.henderson@ms.usda.gov; |
| Date: | Friday, April 13, 2012 10:35 AM |

Dear Clifton,

Please see the attached letter I have written you today, as well as the accompanied explanatory documents attached. Yesterday, Jeni forwarded to me your instruction to call Aubrey Nichols, Esq. about this matter, but as you can see from the enclosed we had no previous success, and believe any further contact is futile to prevent any trespass.

I look forward to hearing from you and remain,

Sincerely Yours,

Gary Street Goodwin
GOODWIN LAW FIRM
501 7TH STREET NORTH, SUITE 10
POST OFFICE BOX 524
COLUMBUS, MISSISSIPPI 39703-0524

(662) 328-1101 TELEPHONE
(662) 328 1102 FACSIMILE

goodwinlawfirm@bellsouth.net



EXHIBIT
F

http://us-mg205.mail.yahoo.com/neo/launch?.partner=sbc&.rand=60gck6qarhcrn          9/19/2013



# GOODWIN LAW FIRM

Post Office Box 524
The Plaza Building
501 7th Street North, Suite 10
Columbus, MS 39703-0524
goodwinlawfirm@bellsouth.net

Gary Street Goodwin
Attorney at Law

Telephone (662) 328-1101
Facsimile (662) 328-1102

April 13, 2012

Mr. Clifton Russell
USDA/RD
Starkville RD Area Office
510 Highway 25 N
Starkville, MS 39759

Via Email Only

Re:     *USDA/RD/RUS Loan and Grant to Lowndes County Industrial Development
Authority, Lowndes County, Mississippi, and Roy G. Fisher/Lease of R-J Ranch*

Dear Mr. Russell,

I represent Roy G. Fisher of Starkville, Mississippi, who is a farmer and lessee of a certain tract of land in Lowndes County known as the R-J Ranch. This ranch was owned by the Raymond family for many years and is located generally between the Golden Triangle Regional Airport and US Highway 82. Roy has been leasing this property and in continual possession since January 1, 2003 under two successive written leases. The first lease began on January 1, 2003 and ended December 31, 2007. The next lease began January 1, 2008 and is for a term of ten years, ending December 31, 2017.

The Lowndes County Industrial Development Authority applied for and received a loan and grant of approximately $17.5M for construction of certain water and waste disposal systems, including installation of a water line, elevated tank, well, and two waste water pump stations that were to be located on part of the R-J Ranch. Upon the award being made, the Industrial Development Authority purchased a utility easement and a four acre site for improvements from Robert J. Raymond, Jr., who had by the time of the transaction become the owner of the property, having ultimately inherited it from his parents. At the same time this purchase was made, Lowndes County, Mississippi purchased a road right of way easement across the leased property as well as 279 acres for future industrial development. Roy's legal interest in the property as lessee was not purchased, terminated or disturbed. Roy had been promised by the executive director of the Industrial Development Authority, Joe Higgins, that he would be informed of future developments and as the time neared for the Industrial Development Authority/Lowndes County to obtain full possessory rights, his remaining interest in the land would be compensated for upon his release of his lease.

Last summer, a water line was laid across the easement with minimal intrusion, but a significant lack of notice or information was given to Roy. However, Roy made no demands and when he finally asked

Mr. Higgins about future improvements and when to expect them to begin, so that he could protect his cattle, Mr. Higgins told him quite bluntly that if he continued to ask questions about the project, that the Industrial Development Authority Board might just well decide to terminate his interest in the property. Obviously, the authority had no legal way to do this absent condemnation proceedings being instituted by Lowndes County, but Roy properly perceived this as a threat to his lease and thereafter no information was ever furnished to him about the project.

In early February 2012, Roy noticed a survey crew had entered the property and inquired of the crew the purpose for the entry. He was advised that construction would shortly begin on a well, tank and two pumping stations. No provisions had been made to insure the safety of his cattle from injury and displacement, as well as insuring their continued safe enclosure. In fact, the next day he went back and found the survey crew had returned to the property, taken the gate off the hinges and left it propped up against the gate post upon leaving. Shortly after the survey crew left, Roy met someone from the contractor employed to build the tank and other facilities. After having the scope of that work described to him and the effect that it would have on his pasturage, and after discussion with me, I called Aubrey Nichols, Esq., attorney for the Industrial Development Authority Board requesting that all work be stopped until we were properly informed of the construction plans so as to obtain assurances in writing regarding the Authority's responsibility for any destruction of any pasturage and liability for injured or escaped cattle.

Mr. Nichols subsequently requested that I come to a meeting at his office and he disclosed that the Industrial Development Authority planned to construct a fence across the northeast portion of the leased property along the south line of the utility easement to the well site and then run it north to intersect the existing east-west fence along the northern boundary of the leased property. This new fence would then surround approximately 27 acres of pastureland which they wanted permanently released from the lease. My client was willing to do this provided he was paid reasonable consideration for his economic interest, the fence would be constructed properly, and the parties could reach an agreement before any further intrusions were made.

This information was conveyed to Mr. Nichols, and my client began getting the information together necessary for an offer to be made. However, the Industrial Development Authority, Prairie Land Water Association and the contractors apparently were on a schedule that did not agree with ours and attempted during approximately the next to last week of March to enter the property without notice. However, my client was able to block their entry to the property with his person and vehicle. Numerous persons employed by various parties were there making threats to my client. I arrived to help my client after his call to me. Shortly thereafter, Mr.Nichols arrived and then subsequently officers of the Sheriff's Department and a newspaper reporter arrived, none of whom had been summoned by Roy or myself. The actions of these persons were extremely distressing to my client as for a period of almost 2 hours these persons endeavored to goad my client to surrender or face imminent arrest by the deputies. As these arguments continued, I was finally able to convince the LCSO shift supervisor that my client had at least some facially valid claim to possession of the property. At that time, it finally became clear the deputies LCSO were not going to arrest anyone except for breach of the peace and he was allowed to stand his ground.

My client continued to consider an offer to release his land only to have Mr. Nichols contact me on March 27 threatening to send the contractors in shortly, by force if necessary. The subsequent dealings are detailed in 2 letters that I wrote him in response to that call and a later communication he had with Tim Hudson, Esq., attorney for the Lowndes County Board of Supervisors. After he received his copy of the second letter, Mr. Hudson contacted me in the hopes of conciliating the matter and we are endeavoring to do that at this time. However, today he indicated that there would be a forcible entry by the contractor shortly if no agreement could be reached. As you can see, much time and energy has been wasted dealing

with these threats of trespass, which could have been utilized in negotiating a meaningful settlement.

In the meantime, I feel it necessary to call upon you as the administrator of the loan and grant to assist us to protect our client's rights to continue peaceful possession of his leased property. I would assume, as would be the usual course with any USDA/RD loan and grant, that a proper certificate of title, right of way certificate, and non-litigation certificate would be required before the USDA/RD allowed any contract to be awarded for construction of this particular part of the project, much less, any funds for that work to be released.

The simple purpose of this letter then is to inform you of my client's possessory rights to the land in question and furnish you the applicable documentation so that USDA/RD can make a determination as to whether or not the Authority has clear title to the property and right of way and construction should proceed and entry made into the property by the contractors over my client's objections. I believe the documents listed below will satisfy you that the Authority's title is presently clouded by my client's claim and a simple factual inquiry would quickly reveal my client is in possession of the land with 125 brood cows, 50-60 calves, and 3 herd bulls thereon, and has been so at all relevant times. Further, the executive director of the recipient had knowledge of this, yet perhaps failed to disclose to USDA/RD. As I'm sure you are aware, Mississippi law recognizes possession of land as actual notice of whatever right the possession claims, regardless of whether or not there is any instrument filed for record.

The documents that I have attached to the cover email should be read consecutively as follows:

1.   Robert J. Raymond Trust
2.   First lease agreement 1/1/03 to 12/31/07
3.   Mae E. Raymond Trust
4.   Second lease agreement 1/1/08 to 12/31/17
5.   Quitclaim deed from Trustee of Raymond Trusts, et. al to Robert J. Raymond, Jr. 12/3/10
6.   Quitclaim deed from Raymond to Lowndes County, Mississippi 12/20/11
7.   Copy of letter to Aubrey Nichols, Esq. 3/30/12
8.   Copy of letter to Aubrey Nichols, Esq. 4/5/12

The copies of the right of way easement, utility easement, and warranty deed to the site in question should be in your file already. If they are not I will be glad to furnish them. Please note that the county accepted a quitclaim deed to the 280 acres. This may have been an error but it could also be construed to confirm that Raymond would not warrant over the title due to the fact that the lessee was in possession and all parties knew that Roy had not been compensated.

Please pass this on if necessary to USDA/RUS/OGC in Little Rock and if I can be of further assistance please call as soon as possible. The purpose of this letter is not to attempt to gain negotiation leverage over the Authority, but rather to prevent continued attempted trespasses.

Sincerely Yours,

Gary Street Goodwin

xc: Roy Fisher, via email only

# LINK to seek tax incentive deal for retail development

September 19, 2013 10:23:58 AM
Nathan Gregory - ngregory@cdispatch.com

Golden Triangle Development Link officials will be on the agenda for the next county and city board meetings seeking a tax increment financing agreement associated with a potential retail development in Columbus.

Link CEO Joe Max Higgins confirmed the upcoming request during a quarterly meeting of the tri-county economic development consortium.

Details on the development will be scarce until officials can broach discussion on the project with elected officials, Higgins said, but approval by governing boards would lead to the facility being in operation late next year. At that time, the location, financial details of the TIF and potential number of jobs the arrangement could bring would be discussed, Higgins said.

"This project is 50,000 square feet of retail...(which) is in most everybody's book pretty substantial," Higgins said. "We're real excited about that."

Tax increment financing uses future gains in taxes to subsidize developments or facility improvements. A similar arrangement was approved by Starkville aldermen in April as a funding mechanism for infrastructure projects associated with the Mill, a development involving the transformation of MSU's Cooley Building into a conference center, construction of a motel and establishment of other mixed-use business parcels.

Supervisors are expected to learn more about the project in their Sept. 30 meeting. The council will meet Oct. 1.

Link could erect another spec building

Sustainable building material manufacturer CalStar agreed to locate a second operation at the speculative building near Golden Triangle Regional Airport earlier this year, bringing with it an eventual 50-plus jobs to Lowndes County. As that site transforms into the company's facility, the time to erect another spec building is fast approaching, Higgins said, and is necessary to lure more industry.

"We have selected a site over by the new water tank and wells on Charleigh Ford Road on the south side," he said. "It's bait. It gets people to look. They may not take it, but it gets them to look."

Higgins added that there are "several" projects eyeing Lowndes County at present and the county and industrial authority are working on "the last bit" of land buys located near the Golden Triangle Industrial Airspace Park. The Link unveiled a plan to purchase 2,500 acres of in 2008. The final purchase will likely be complete in the next 30 days, Higgins said.
*Nathan Gregory covers city and county government for The Dispatch.*

# MINUTES



**Lowndes County Industrial Development Authority**
**Columbus-Lowndes Development Link Office**
**April 19, 2012**                    **7:30 a.m.**

**Present:**

| **Directors** | **Support Staff** |
|---|---|
| Adam Holmes | John Hardy |
| Thomas Lee | George Crawford |
| Karl Williams | Brenda Lathan |
| Chris Glenn | Aubrey Nichols |
| Chris Herring | Daniel Rayfield |
| Greg Rader | Stanley Spradling |
| | Jennifer Pridmore |

## I. Call to Order

The meeting was called to order by Thomas Lee. Invocation was offered by Stanley Spradling.

## II. Agenda

After review of the agenda, Adam Holmes recommended that the agenda be accepted as presented. Chris Herring seconded the motion. **Motion Passed.**

## III. Minutes

The board reviewed the Minutes of the February and March meetings, and no changes were recommended. Chris Glenn motioned to accept the minutes as presented; Chris Herring seconded the motion. **Motion Passed.**

## IV. Financials

    a. *Financials:* Brenda Lathan reviewed the February and March financials. Karl Williams motioned to accept the financials as presented; Adam Holmes seconded the motion. **Motion Passed.**



EXHIBIT

G

*Lowndes County Industrial Development Authority*
*April 19, 2012*
*Page 2*

## V. Reports

a. Prairie Land Water Association

Daniel Rayfield reported on PLWA's activities for the month.

    i. *Water*: Water loss is down from the same period last year and water sales are up.
    ii. *Maintenance*: There were no maintenance issues to report
    iii. *Sewer System*: PLWA is considering the installation of a sewer system as part of its long-range planning.

b. Golden Triangle Planning and Development District

George Crawford reported on the following projects being handled by the GTPDD:

    i. *Stark Aerospace*: The drainage project's final inspection is on March 26. A gate has been installed to the entrance of the project area.

c. Lowndes County Port Authority:

John Hardy provided an update of Port activities which included:

    i. *Tonnage:* The first quarter tonnage was one of the Port's best. It is expected that tonnage will exceed 1,000,000 tons annually.
    ii. *Land Lease:* A lease on the 30-acre tract of land on the east bank is close to being executed.

d. Calvert-Spradling

Stanley Spradling reported on the following items:

    i. *Wastewater Treatment Expansion*: The project is progressing well.
    ii. *Well, Water Treatment Plant and Water Tank*: Notice to proceed was issued last Monday.
    iii. *Raymond Property Lease*: Mr. Spradling summarized the events that have occurred in dealing with the agricultural leaseholder of the Raymond property. The cattle are now isolated from the construction site.

*Lowndes County Industrial Development Authority*
*April 19, 2012*
*Page 3*

e. <u>Aubrey Nichols</u>

i. *Raymond Property:* Mr. Nichols provided an update of the issue with the lease holder on the Raymond property. He recommended that the Board approve the actions taken thus far by the Authority's representatives. Chris Glenn made a motion to approve Mr. Nichols' recommendation. Chris Herring seconded the motion. **Motion passed.**

ii. *Interlocal Agreement:* Mr. Nichols recommended approval of a local and private act by the Legislature to allow transfers between and among Lowndes County, the Lowndes County Industrial Development Authority andthe Lowndes County Economic Development District without consideration. A motion to approve the recommendation was made by Karl Williams and seconded by Chris Glenn. **Motion passed.**

f. <u>LINK</u>

Brenda Lathan provided an update of LINK activities for the month.

**VI. Old Business**
Brenda Lathan reported that Dr. Dahlke had contacted her regarding his property. A motion to make an offer on the Dahlke property south of Artesia Road was made by Karl Williams. Chris Herring seconded the motion. **Motion passed.**

**VII. New Business**
Brenda Lathan reported that the Billups property is in CRP. It can stay in CRP by LCIDA signing successor paper work at the Farm Service Agency, but as a governmental entity, the Authority cannot receive CRP payments. A motion was made to leave the property in CRP by Chris Herring and seconded by Chris Glenn. **Motion passed.**

**VIII. Adjournment**

There being no further business, the meeting was adjourned.

_____
**Thomas Lee, Sr.**
**President**

_____
**Brenda Lathan**
**Administrative Assistant**

**RECEIVED**

IN THE COUNTY COURT OF LOWNDES COUNTY, MISSISSIPPI
CIVIL DIVISION
(JURY TRIAL DEMANDED)

DEC **2 1** 2012

**MAHALA N. SALAZAR**
**CIRCUIT CLERK**

ROY G. FISHER                                                                      PLAINTIFF

VS.                                                        CAUSE NO. *2012-0701- CV2*

LOWNDES COUNTY, MISSISSIPPI AND
THE LOWNDES COUNTY INDUSTRIAL
DEVELOPMENT AUTHORITY                                          DEFENDANTS

---

COMPLAINT

---

Comes now, Roy G. Fisher, Plaintiff, and through counsel files this Complaint for inverse

condemnation against Lowndes County, Mississippi and the Lowndes County Industrial Development

Authority, Defendants, and would show as follows:

1. Plaintiff Roy G. Fisher ("Fisher") is an adult resident of Oktibbeha County, Mississippi.

2. Lowndes County, Mississippi ("the County") is a political subdivision of the State of Mississippi

whose governing body is the Lowndes County Board of Supervisors. It may be made a party hereto by

service of process upon the president of the governing body who is Harry Sanders. Plaintiff requests that

the clerk of this court issue a summons to Lowndes County, Mississippi to be served upon Harry Sanders,

President, Lowndes County Board of Supervisors, Lowndes County Courthouse, Columbus, Mississippi

and return the same to the attorney for Plaintiff for service of process by process serve.

3. Defendant Lowndes County Industrial Development Authority ("the Authority") is an

instrumentality of the County or alternatively, is a separate political subdivision of the State of Mississippi

or of the County composed of its 7 statutory members. It may be made a party hereto by service of process

upon the president of the members thereof, who is Thomas Lee. Plaintiff requests that the clerk of this

court issue a summons to the Lowndes County Industrial Development Authority, to be served upon

**FILED**

DEC **2 1** 2012

*Mahala N. Salazar*
Circuit Clerk

Page 1 of 7


EXHIBIT
H

Thomas Lee, President, Lowndes County Industrial Development Authority, Lowndes County Courthouse, Columbus, Mississippi and return the same to the attorney for Plaintiff for service of by process serve.

4. The statute under which the Authority is enabled, authorizes the establishment of the authority, upon the Board of Supervisors making a finding and determination that the public convenience and necessity requires such establishment and thereafter reducing the same to a resolution duly adopted and entered on the official minutes of the Board of Supervisors. Members are then appointed by the Board. It is not clear whether or not the County or the Authority, or both, may be the proper Defendants in this action, as the Authority is vested with the power by law to own and acquire real property, and the statutes are silent as to any power of the County to disband or abolish the Authority. Accordingly, the Defendants are made parties as their interests may appear.

5. Fisher is the owner of a certain leasehold agreement for land located in Lowndes County, Mississippi, and beginning on the date of its execution until the date of April 16, 2012 was in peaceful, continuous possession of the entirety thereof. A copy of the leasehold agreement is attached hereto as "Exhibit A" and will be referred to herein after as "the Raymond Ranch Lease", for brevity.

6. As the Raymond Ranch Lease was executed for the purposes of conducting a beef cattle operation, Fisher was in continuous possession at all times above by virtue of his cattle being located thereon and by his presence thereon from time to time to tend to his cattle operation as needed.

7. The Raymond Ranch property in its entirety consisted of pasture land as well as other land which was excluded from the lease, being the areas of the dwelling house and yard, a fenced pasture of approximately 34 acres south of the dwelling house and on which was located a horse barn, as well as approximately 151 acres, more or less, which was enrolled in the USDA CRP Program. The term of the lease was for 10 years beginning January 1, 2008 and ending December 31, 2017. The lease contained no



Page 2 of 7

DEC 2 1 2012


Circuit Clerk

provision whereby the lessor or its assigns could unilaterally reduce the acreage under lease or alter the character of the use of the property so as to reduce the leased acreage available to the lessee for pasturage in his cattle operation.

8. Subsequent to the beginning date of the Raymond Ranch Lease, the ownership of the land subject to the lease was transferred by deed to the ownership of Robert Raymond, a resident of Lowndes County, Mississippi.

9. At or about this time, the date of which is not necessarily relevant, the Authority applied for and received a $17,500,000 loan and grant from the United States Department of Agriculture, Rural Development/Rural Utility Service for, *inter alia,* the construction of certain water and waste disposal systems, including installation of a water line, elevated tank, well, and two waste water pump stations that were to be located on part of the R-J Ranch.

10. The purpose of the improvements described above were announced by the authority as being part of the authority's plans to create a "Golden Triangle Regional Aerospace Park." Other improvements such as a four lane extension of Charlie Ford Road were planned.

11. After the award was made, the Authority purchased a utility easement and a four acre site for the above described water and waste improvements from Robert J. Raymond, Jr., as shown by the instruments attached hereto respectively as "Exhibit B" and "Exhibit C."

12. Within the same relevant time period as the activities described in paragraph 11 above were completed, Lowndes County, Mississippi purchased a road right of way easement across the leased property and then subsequently purchased approximately 279.2 acres (including part of the land subject to the road right of way easement) for the eventual conveyance to the Authority for future industrial development from Robert J. Raymond, Jr., as shown by the instruments attached hereto respectively as "Exhibit D" and "Exhibit E."

FILED

Page 3 of 7

DEC 2 1 2012


Circuit Clerk

13. Subsequent to the above, on or about April 16, 2012, the Lowndes County Industrial Development Authority, through certain contractors entered the leasehold property without permission or consent of Fisher, and over his clear objection, established a fence which precludes Fisher from exercising his leasehold rights for approximately 30 acres. An exact description of the area precluded will be furnished by an amended pleading or by possible stipulation or survey at trial.

14. The location of the precluded area is generally shown on "Exhibit F." And will be referred to as the "subject property." To the best of Fisher's knowledge, the perimeter of the subject property begins at the northeast fence corner of the Raymond Ranch where the east-west half section line (for Section 35, T-19-N, R-16-E) intersects a county road described as Raymond Road. The perimeter then runs south along a fence for approximately 177 feet, along the edge of the Raymond Road right-of-way. It then intersects with the south boundary line of the right of way of the proposed roadway described in the easement attached as "Exhibit D." The perimeter then runs westerly along the offending new fence line and then begins to veer to the southwest in a gradual curve to a point believed to be south and west of the 4.0 acres described in "Exhibit C" located in Section 34, T-19-N, R-16-E. At this point, the perimeter and offending fence continues then to run in a northerly direction back to the original fence line of the Raymond Ranch located on the east-west half section line of Section 34. At this point, it runs along the referred to east-west half section line to the corner described as the beginning point in Section 35.

15. Neither Lowndes County or the Authority acquired the leasehold interest of Plaintiff in the subject property by voluntary acquisition or use of eminent domain proceedings prior to the entry and it does not appear that either Defendant will avail themselves of the eminent domain procedure at this time.

16. Neither Lowndes County or the Authority has utilized the provisions of the Real Property Acquisition Policies Law found at §43-47-1 *et seq.* of the *Mississippi Code of 1972*, as amended, which is

FILED

DEC 2 1 2012

*mphele o. Salazar*
Circuit Clerk

Page 4 of 7

mandatory for the acquisition of real property under the laws of this state for use in any project or program in which public funds are used.

17. The balance of the Plaintiff's leasehold interest has been damaged by the placement of the fence and the inverse condemnation of the subject property.

18. As a result thereof, the Defendant's leasehold interest in the property has been taken and his leasehold interest in the balance thereof has been damaged as a matter of law.

19. Fisher brings this action pursuant to Miss. Const., Art. 3, §17 which provides as follows:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

20. Fisher reserves the right to bring an action in federal court pursuant to U.S. Const. Amend. V which provides in pertinent part as follows: "... nor shall private property be taken for public use, without just compensation.", after exhaustion of his state law claim as set forth in paragraph 19 above, as required by *Williamson County Regional Plan and Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985)* Fisher also reserves the right to bring an action in federal court pursuant to U.S. Const. Amend. IV and XIV, pursuant to any right guaranteed unto him under federal law which can be brought pursuant to 42 U.S.C. §1983, as well as all other claims arising under Mississippi Law, for which the federal court will have supplemental jurisdiction, including but not limited to claims of trespass, menace, intentional interference with economic expectancy, intentional interference with contractual relations, intentional infliction of emotional distress, slander of title or such other similar causes of action.

21. The Real Property Acquisition Policies Law, *supra*, provides at §43-37-3 (h) in pertinent part as follows: "...The acquiring authority shall not intentionally make it necessary for an owner to institute legal proceedings to prove the fact of the taking of his real property.", and this provision is the

FILED

DEC 2 1 2012


Circuit Clerk

Page 5 of 7

pronounced public policy of the State of Mississippi.

22. The Real Property Acquisition Policies Law, *supra* also provides at §43-37-9 as follows:

Where an inverse condemnation proceeding is instituted by the owner of any right, title or interest in real property because of use of his property in any program or project in which federal and/or federal-aid funds are used, the court, rendering a judgment for the plaintiff in such proceeding and awarding compensation for the taking of property, or the state's attorney effecting a settlement of any such proceeding, shall determine and award or allow to such plaintiff, as a part of such judgement or settlement, such sum as will, in the opinion of the court or the state's attorney, reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

23. As Fisher has been required to institute this action, and the subject property so acquired is being used in a program or project of the Authority and/or the County in which federal funds are being used, he demands payment of his reasonable costs, disbursements and expenses, including reasonable attorney, appraisal, and engineering fees actually incurred because of this proceeding.

24. The claim of Fisher is within the jurisdiction al limits of this court as provided by *§9-9-21* of the *Mississippi Code of 1972*, as amended, in that the amount in controversy claimed by him does not exceed, exclusive of costs and interest, the sum of $200,000.

WHEREFORE, PREMISES CONSIDERED, Fisher prays for the following relief: (a) that all apt and proper process issued to the Defendants in this cause requiring them to answer and defend; and (b) that a jury trial be held in this cause; and (c) that upon jury trial, he be awarded such sum as may be shown by proof which will justly compensate him for the subject property being taken, and the reminder of the leasehold interest being damaged as a result thereof.

Further, Fisher prays that he be awarded his reasonable costs, disbursements and expenses,



DEC **2 1** 2012

**Circuit Clerk**

Page 6 of 7

including reasonable attorney, appraisal, and engineering fees actually incurred because of such proceeding, as may be shown by proof.

Respectfully submitted this the 21ˢᵗ day of December, 2012.

SUBMITTED BY:

GARY STREET GOODWIN

GOODWIN LAW FIRM
THE PLAZA BUILDING
501 7TH STREET NORTH, SUITE 10
POST OFFICE BOX 524
COLUMBUS, MISSISSIPPI 39703-0524
(662) 328-1101 TELEPHONE
(662) 328 1102 FACSIMILE
goodwinlawfirm@bellsouth.net
MS. STATE BAR NO. 4900

FILED

DEC 2 1 2012

Page 7 of 7


Circuit Clerk



☐ Area owned by Raymond subject to lease (orange)
▨ Area bought by County allowed to lease (yellow)
▩ Area bought by County + Authority subject to lease and inversely Condemned 4/16/12 (blue)
● Area of Raymond Homestead excluded from lease (green)